**UNITED STATES**

v.

**Robert M. LAMPERT, 495 70 9222, Private (E–1), U. S. Marine Corps.**

**NCM 78 1129.**

U. S. Navy Court of Military Review.

Sentence Adjusted 15 Nov. 1977.

Decided 30 Jan. 1979.

LT Vance J. Bettis, JAGC, USNR, Appellate Defense Counsel.

CAPT Craig L. Kemmerer, USMCR, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and GREGORY and GLADIS, JJ.

DUNBAR, Senior Judge:

Appellant was tried by a special court-martial bench trial at Camp Pendleton, California, on 27 September, 7 and 21 October, and 8 and 15 November 1977. The court-martial was convened by Commanding Officer, 3d Battalion, 11th Marines, 1st Marine Division (Rein), FMF, Camp Pendleton, California. Appellant was convicted, consonant with his pleas, of a single specification of conspiracy, two specifications of larceny, and a single specification of willfully and wrongfully destroying property other than military property of the United States, in violation of Articles 81, 121 and 109, Uniform Code of Military Justice. The military judge sentenced appellant to a bad-conduct discharge, confinement at hard labor for 6 months, and forfeiture of $175.00 pay per month for 6 months. Both the convening and supervisory authorities approved the sentence as adjudged. In a sin-

gle assignment of error, appellant alleges that the Government failed to prove his enlistment in the regular Marine Corps was not procured by means of recruiter misconduct in violation of applicable recruiting regulations.

The record of trial reflects that appellant entered the United States Marine Corps under the delayed entry program.[1] His initial military induction into the Marine Corps Reserve took place on 6 May 1976, for a period of 6 years, with actual entry on active duty scheduled to occur in August 1976.

On 23 May 1976, 16 days after his reserve enlistment, appellant was arrested and charged by civilian authorities with disturbing the peace, resisting arrest and hindering a police officer in the execution of his duties. According to the record of trial, these charges were dismissed between the period 10 and 17 June 1976.

Pursuant to his delayed entry program, on 5 July 1976, appellant was discharged from the Marine Corps Reserve and on the following day, 6 July 1976, he was enlisted into the Regular Marine Corps for a period of 3 years.

The above facts, undisputed at the time of trial, show clearly that appellant's enlistments both occurred when no civilian charges were pending. It is also noteworthy that the recruiter in this case revealed the existence of prior criminal charges on the enlistment documents. Moreover, there appears to be no question that the appellant sought out enlistment in the delayed entry program on his own initiative. Nevertheless, he now maintains that his second enlistment on 6 July 1976 was precipitated and influenced by the alternative provided by the judge before whom he appeared in connection with his civilian charges. The civilian judge is alleged to have informed appellant that the charges pending against him would be dropped if he accelerated his entry into the military service.

Appellant asserts further that he informed his recruiter of the judge's proposal and, as a direct result thereof, his enlistment into the Regular Marine Corps was effected in July rather than August 1976.

No explanation is furnished as to why the civilian charges were dismissed prior to appellant's second enlistment, rather than after he reported for active duty. Nonetheless, the significant fact remains that criminal charges were not pending against appellant at the time of either of his enlistments. Nor did he, at any time, express an intention to repudiate his obligation to consummate his second enlistment, either before or after civil criminal charges were registered.

Appellant now contends, however, that his second enlistment was tainted by recruiter misconduct and was in violation of an applicable recruiting regulation. That regulation, section 2110.1$h$ of the Marine Corps Personnel Procurement Manual, states:

Applicants who have criminal charges filed and pending against them . . . are not eligible for enlistment or reenlistment in the Regular Marine Corps. Included . . . are persons who, as an alternative to further prosecution, indictment, trial, or incarceration for such violation, are granted a release from the charge by the court on the condition that they will apply and are accepted for enlistment in the Marine Corps. . . .

The record in this case reflects that the recruiter properly disclosed appellant's civilian charges and their dismissal. Moreover, appellant's civilian charges were not dismissed on condition that he "apply" and be

1. The delayed entry program of the U. S. Marine Corps is governed by paragraph 2404 of the Marine Corps Military Personnel Procurement Manual. It provides that on a designated date, within a 180-day period from the time of entry into the program, the enlistee will be ordered to report for extended active duty for the purpose of enlisting in the Regular Marine Corps. When so ordered, the enlistee in this program has three options: he may report as ordered and enlist in the Regular Marine Corps; he may report as ordered but refuse to enlist in the Regular Marine Corps, in which event he will be ordered to extended active duty as a reservist; or, he may refuse to report for extended active duty, in which case he is subject to court-martial for unauthorized absence.

"accepted" for enlistment. Appellant had already applied and been accepted for enlistment in a program calling for an immediate reserve enlistment and a delayed regular enlistment upon entry to active duty. At the time appellant was admitted into the program and effected the first enlistment, criminal charges were not pending. Nor were they pending at the execution of the second enlistment. Appellant's own testimony indicates that the recruiter only rescheduled appellant's entry to active duty at the request of appellant and within the parameters of the delayed entry program. We do not believe that any recruiter misconduct contrary to public policy has been shown in this case. *United States v. Valadez*, 5 M.J. 470 (C.M.A.1978). Even if we were to determine that the recruiter interpreted the above-quoted provision incorrectly by his actions, his disclosure on the enlistment application of appellant's charges and their dismissal would evidence no improper motive or fraudulent design. *United States v. Brown*, 23 U.S.C.M.A. 162, 48 C.M.R. 778 (1974).

The findings and sentence as approved on review below are affirmed.

Judge GREGORY and Judge GLADIS concur.